IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-21089
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEVIN MANDERSCHEID, also known
as Kevin McGuire,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-306-1
- - - - - - - - - -
December 11, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Kevin Manderscheid appeals his sentence for conspiracy to manufacture and distribute methamphetamine.  He argues that the district court erred:  (1) in sentencing him after evidence was presented that the methamphetamine was destroyed after testing (but before he could independently test it) and (2) in calculating the amount of methamphetamine attributable to him.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The court did not err in sentencing Manderscheid as Manderscheid failed to demonstrate that the evidence was destroyed in bad faith. *See United States v. Gibson*, 963 F.2d 708, 711 (5th Cir. 1992). Manderscheid has failed to establish that the court erred in calculating the drug quantity. *United States v. Rivera*, 898 F.2d 442, 445 (5th Cir. 1990).

He argues that the district court committed plain error in imposing a fine beyond his ability to pay and by allowing the Government to manipulate his sentence. The record reveals neither of the championed errors, plain or otherwise. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*); *United States v. Altamirano*, 11 F.3d 52, 53 (5th Cir. 1993); *United States v. Washington*, 44 F.3d 1271,1279-80 (5th Cir. 1995).

Manderscheid contends that trial counsel was ineffective. The record is not so well developed regarding this issue that it may be fairly decided on direct appeal. *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). We decline to address it-- without prejudice to Manderscheid's right to raise it in a 28 U.S.C. § 2255 proceeding.

Finally, Manderscheid's contention that the sentencing transcript is incomplete is without support and wholly conclusional. His statement at allocution suggests that the allegedly absent material was not omitted.

AFFIRMED.